IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMBITIOUS PRODUCTIONS, INC., an Illinois Corporation,　　Plaintiff,　v.　DVAPPS AB, a Foreign Corporation,　　Defendant. | Case No.:  22-cv-2088　Judge:　Magistrate Judge: |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the copyright laws of the United States, 17 U.S.C. 101 - 709 *et seq*. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. §1338 (a), has exclusive jurisdiction over the copyright counts under pursuant to 28 U.S.C. §1338 (a), and has jurisdiction over the remaining counts pursuant to 28 U.S.C. §§1338 (b) and under the doctrine of pendent jurisdiction.

2. Venue is proper in this District pursuant to 28 U.S.C. Sections §§1391(b) and (c) and 1400(a).

### PARTIES

3. PLAINTIFF, AMBITIOUS PRODUCTIONS, INC. ("AMBITIOUS") is a corporation organized and existing pursuant to the laws of the State of Illinois having its regular business address at 1266 Harlan Lane, Lake Forest, Illinois 60045.

4. On information and belief, DEFENDANT, DVAPPS AB ("DVAPPS") is, and at all times herein mentioned was, a corporation organized and existing pursuant to the laws of Sweden, having its principal place of business located at Helgestahillsvägen 7, 633 48

Eskilstuna, Sweden and does online business in and has committed the acts complained of in the Eastern District of Illinois.

## COUNT I
## COPYRIGHT INFRINGEMENT OF GRANNY FEATURE FILM

5. AMBITIOUS produced and had distributed publicly a film entitled Granny, completed in 1999.

6. AMBITIOUS is the owner of the United States Copyright Registration No. Registration No. PA-948-525 with an effective date of registration of February 26, 1999. A copy of the registration accompanies this Complaint as Exhibit 1.

7. AMBITIOUS is the sole proprietor of all rights, title and interest in and to the copyright rights in the work Granny. At no time has AMBITIOUS authorized DVAPPS to reproduce, adapt, distribute, sell, perform, or display the copyrighted work.

8. The feature film Granny is approximately one hour long and is a fictional story based upon a "horror" theme. Authorship includes, but is not necessarily limited to, production, direction, cinematography, performance, screenplay, editing and soundtrack as well as the overall story and sub-stories conveyed. Representative still images from the film accompany this Complaint as Exhibit 2.

9. The feature film Granny achieved popular success upon its introduction, was widely distributed by authorized distributors and achieved "fan" or "cult" success that enhanced knowledge of the film and promoted access thereto.

10. DVAPPS has, and on information and belief is presently, reproducing and distributing unauthorized electronic game works, entitled Granny, with different versions, copied or derived from AMBITIOUS's copyrighted work, which are distributed in a geographically unrestricted manner worldwide, including the United States, the State of Illinois, and in this

judicial district, for financial gain. Representative still images from the unauthorized versions of the infringing work are shown in the attached Exhibit 3.

11. While the representative still images are only part of the overall infringing works, and there are other similarities including scenes, timing, movement, and the like, the particular still images are derived from the original infringing Granny game, images 1 – 6, 8 – 14 the second infringing Granny game, images 6, 15, 16 and 19, and a third infringing Granny game, images 6, 7, 14, 17 and 18. The continuing infringing reproduction and derivation of all the Granny games is evidenced by games two and three being, themselves, derivative works from the first infringing work, the first Granny game.

12. DVAPPS has infringed, and threatens to continue infringing, AMBITIOUS's copyright by reproducing, adapting, distributing, selling, performing, and/or displaying the said unauthorized works in electronic games and in other media. Upon information and belief, DVAPPS is, or has, blatantly published and distributed unauthorized copies to the general public, world wide and in Illinois.

13. While the similarities are not limited to those shown in the representative still shots, and side by side (or top and bottom) comparison is not the standard, Exhibit 4 shows representative still images from the Granny film on the top and representative still images from the Granny game on the bottom. Certain graphic features have been added when compared to Exhibits 2 and 3 to highlight certain features, but this is without prejudice to a comparison of the entire works including their animated aspects. The visual content of the games is strikingly similar to the audiovisual content of the film. Indeed, some similar scenes are portrayed with the same visual aspects merely derived to a point of view of a game player rather than a camera.

14. DVAPPS infringement of AMBITIOUS's copyrights, AMBITIOUS has included

introduction of multiple versions including those to be run on Windows, Android and Apple operating systems. For example a recent Windows version is, on information and belief, the actual facts being uniquely within DVAPPS's knowledge, Granny on Steam for Windows having a new update for v. 1.2.1 on 01-Dec-20, with earlier versions having been released. Granny for Android, available on Google Play, is offering version 1.7.9 released January 20, 2021, claiming 100 million downloads. A variation is Granny: Chapter Two shown in a Trailer on YouTube, claiming 3,671,043 views, released Sep 7, 2019. Another variation is Granny 3 which claims 1,340,091 views, released Jun 11, 2021. Apple iOS versions also show a Version 1.7.9 released Jan 20, 2021 with numerous other versions including, but not limited to 1.7.3, Apr 23, 2019. Each separate version is an unauthorized derivative work, individual images and scenes are infringing reproductions, and each download enabled is an infringing distribution.

15. Revenues is, on information and belief, the actual facts being uniquely within DVAPPS's knowledge attributable to distribution of both "paid" and "free" versions with "free" versions generating revenue from a variety of sources including advertising and convoyed sales of merchandise. The amount of revenues and damages should be determined by accounting.

16. AMBITIOUS has sustained injury in its business as a result of DVAPPS'S acts of copyright infringement.

17. AMBITIOUS is entitled to recover from DVAPPS, the gains, profits, enrichment and advantages DVAPPS has obtained as a result of its acts of copyright infringement, including but not limited to, revenues derived from product sales, advertising revenue and including the value of any subscriber and contact lists derived from use of said infringing works.

18. AMBITIOUS is entitled to recover from DVAPPS, the gains, profits, enrichment and advantages DVAPPS has obtained as a result of its acts of copyright infringement, including

4

but not limited to, revenues derived from sales and advertising and the value of any contact or other lists derived from use of said infringing works. AMBITIOUS presently is unable to ascertain the full extent of the gains, profits, enrichment and advantages DVAPPS has obtained by reason of its acts of copyright infringement, and prays for and demands an accounting thereof.

## COUNT II

## COPYRIGHT INFRINGEMENT OF GRANNY TRAILER

19. AMBITIOUS herein realleges and incorporates paragraphs 1 through 18 inclusive, of this complaint as if fully set forth herein.

20. AMBITIOUS produced and distributed a shorter work comprising a "trailer" of the Granny full length film, the copyright in which was registered as United States Copyright Registration No. PA-948-524 with an effective date of registration of February 26, 1999. A true and correct copy of the certificate is attached hereto as Exhibit 5.

21. AMBITIOUS is the sole proprietor of all rights, title and interest in and to the copyright rights in the work registered depicted in Exhibit 5. At no time has AMBITIOUS authorized DVAPPS, to reproduce, adapt, distribute, sell, perform, or display the copyrighted work.

22. DVAPPS has and on information and belief is presently reproducing and distributing unauthorized works copied or derived from AMBITIOUS's aforesaid copyrighted work, and has in fact reproduced, prepared derivative works which are distributed in a geographically unrestricted manner worldwide, including the United States, the State of Illinois, and in this judicial district, for financial gain.

23. DVAPPS has infringed, and threatens to continue infringing, AMBITIOUS's copyright by reproducing, adapting, distributing, selling, performing, and/or displaying the said

unauthorized work in electronic games and in other media. Upon information and belief, DVAPPS is, or has, blatantly published and distributed unauthorized copies of AMBITIOUS's aforesaid copyrighted work to the general public.

24. By reason of DVAPPS's infringement and threatened infringement of AMBITIOUS's copyrights, AMBITIOUS has sustained and will continue to sustain substantial and irreparable injury, loss, and damage to its rights in the aforesaid copyrighted work.

25. AMBITIOUS has sustained injury in its business result of DVAPPS'S acts of copyright infringement.

26. AMBITIOUS is entitled to recover from DVAPPS, the gains, profits, enrichment and advantages DVAPPS has obtained as a result of its acts of copyright infringement, including but not limited to, revenues derived from sales and advertising and the value of any contact or other lists derived from use of said infringing works. AMBITIOUS presently is unable to ascertain the full extent of the gains, profits, enrichment and advantages DVAPPS has obtained by reason of its acts of copyright infringement, and prays for and demands an accounting thereof.

**PRAYER FOR RELIEF**

**WHEREFORE**, the PLAINTIFF, AMBITIOUS PRODUCTIONS, INC., prays that this court:

a) adjudge that DEFENDANT DVAPPS infringed AMBITIOUS's copyrights, individually and together;

b) adjudge that DEFENDANT DVAPPS, committed copyright infringement after the effective date of AMBITIOUS'S copyright registrations, and that each infringement was willful;

c) determine that each game comprises a separate act of infringement, and each distribution comprises a separate act of infringement;

d) award damages in a sum of one hundred million US dollars ($100,000,000) at a rate of US$ 1.00 per claimed download, which amount may be amended according to the proof presented;

e) enjoin DEFENDANT DVAPPS from continued infringement, unprivileged imitation, and unfair trade practices;

f) order DEFENDANTS DVAPPS, to deliver up for destruction all unauthorized copies of, and works derived from, AMBITIOUS's copyrighted work, along with any containers, labels, packages, wrappers, advertisements, magazines, posters, electronic, magnetic, optical or other media or other publications including derivative works of the unauthorized copies and mailing lists derived therefrom;

g) require DEFENDANT DVAPPS to pay the costs of this Action together with AMBITIOUS's reasonable attorney's fees and disbursements incurred herein;

h) award to AMBITIOUS prejudgment and post judgment interest;

i) award to AMBITIOUS such other relief as this Court deems fair and just.

Respectfully submitted,

/David C Brezina/

David C. Brezina

Date: __April 21, 2022__

David C. Brezina
Burton S. Ehrlich
Ladas & Parry LLP
224 South Michigan Avenue
Suite 1600
Chicago, Illinois 60604
312 427-1300
312 408-2532 (direct)