**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMBITIOUS PRODUCTIONS, INC., an Illinois Corporation, | ) Case No.: 22-cv-2088 ) ) |
| Plaintiff, | ) ) |
| vs. | ) Hon. Matthew F. Kennelly ) ) |
| DVAPPS AB, a Foreign Corporation, | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P. 56**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant DVAPPS, AB hereby requests that the Court take judicial notice that certain elements are common and standard to previously published creative works.

Defendant respectfully seeks judicial notice of facts not reasonably in dispute, from publicly available sources, which show that allegedly similar elements which form the basis of Plaintiff Ambitious Productions, Inc.'s Complaint are generic elements that have appeared in many other publicly available works. Namely:

> The following elements of the "horror" genre are common and prevalent in public works: (1) a creepy villain, (b) spooky house or outdoor setting, (c) stalking/chasing victims, (d) using weapons against victims, (e) gory killings, and (f) a scary grandmother or other older female villain.

The fact that these elements are commonplace in many prior films, television programs and literary works is not subject to reasonable dispute, and their use is generally known within the territorial jurisdiction of the Court and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Thus, judicial notice is appropriate here.[1]

---

[1] Defendant has filed, concurrently herewith, a motion for summary judgment as to Plaintiffs' Complaint on the grounds that, as a matter of law, Plaintiff cannot establish that DVapps' Game is substantially similar in protected expression to Plaintiff's Film. To grant the motion, the Court need only compare the works at issue. The works themselves independently demonstrate there is no substantial similarity as a matter of law. Defendant submits this request for judicial notice to support further the inevitable conclusion that Plaintiff's alleged similarities are not protectable under the Copyright Act because they are commonplace, generic, stock elements.

I. **THE COURT HAS AUTHORITY TO TAKE JUDICIAL NOTICE OF GENERIC ELEMENTS COMMONLY USED IN CREATIVE WORKS PRIOR TO PLAINTIFFS' CREATION OF THEIR WORKS**

Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of a fact "not subject to reasonable dispute" that is "generally known within the trial court's territorial jurisdiction." Fed R. Evid. 201(b)(1).

Courts frequently take judicial notice of generic elements that are prevalent in creative works. *See Wavelength Film Co. v. Columbia Pictures Indus.*, 631 F. Supp. 305, 307 (N.D. Ill. 1986) (finding plaintiff's premise of "an alien trying to return home [being] pursued by hostile governmental authorities and rescued by friendly humans" and the attendant characteristics of such works are, "as a matter of law, simply too general to be protectible"); *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1012 (7th Cir. 2005) (incidents, characters or settings which are standard in the treatment of a given topic . . . "are not protectible by copyright") (*citing Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 616 (7th Cir. 1982), superseded on other grounds by amendment, Fed. R. Civ. P. 52(a), as recognized in *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1429 (7th Cir. 1985)); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1129 (C.D. Cal. 2007) (taking judicial notice of the fact that a host, guest celebrities, an interview, and a cooking segment are common elements in television shows because "these elements are generally known and can be verified simply by watching television for any length of time"); *Pelt v. CBS, Inc.*, No. CV-92-6532 LGB (SHx), 1993 U.S. Dist. LEXIS 20464, at *7-8 & n.3 (C.D. Cal. Oct. 25, 1993) (taking judicial notice of fact that nearly every television talk show has elements of a moderator, a topic for discussion and guests, and stating that such elements therefore do not receive copyright protection); *Walker v. Time Life Films, Inc.*, 615 F. Supp. 430, 438 (S.D.N.Y. 1985), aff'd, 784 F.2d 44 (2d Cir. 1986), cert. denied, 476 U.S. 1159 (1986) (taking judicial notice "that members of the New York Police Department are often portrayed as Irish,

smokers, drinkers, and third or fourth generation police officers"); *DuckHole Inc. v. NBC Universal Media LLC*, No. CV 12-10077 BRO (CWx), 2013 U.S. Dist. LEXIS 157305, at *8-9 (C.D. Cal. Sept. 6, 2013) (taking judicial notice of "common elements of a veterinary hospital which include the setting that contains an operating room, examining room, a lobby, and pets"); *Willis v. Home Box Office*, No. 00 Civ. 2500 (JSM), 2001 U.S. Dist. LEXIS 17887, at *5 (S.D.N.Y. Nov. 2, 2001) ("[I]t does not strain the concept of judicial notice to observe that books, movies and television series are full of . . . unethical men and women in a variety of businesses.").

In light of *Wavelength*, *Incredible Technologies*, *Zella* and the other authorities above, this Court similarly has authority to take judicial notice of the fact that certain elements are commonplace and prevalent in creative works, and should do so here.

## II. ENTERTAINMENT WORKS INVOLVING AN EVIL GRANNY CAN BE FOUND IN NUMERIOUS PRIOR WORKS

Creative works involving storylines and materials featuring an evil granny were completed prior to Plaintiff's Film, including at least:

1. Grandmother's House (1988) – Grandmother (https://www.imdb.com/title/tt0097455/.)

2. The Granny (1995) – Granny (https://www.imdb.com/title/tt0113210/.)

## III. ENTERTAINMENT WORKS INVOLVING OLDER FEMALE VILLIANS CAN BE FOUND IN NUMERIOUS PRIOR WORKS

Creative works involving storylines and materials featuring older female villains (or characters dressed as older female villains) are prevalent and have been around for centuries, including at least:

1. Psycho (1960) – Norma/Norman Bates (https://www.imdb.com/title/tt0054215/.)

2. Friday the 13th (1980) – Mrs. Voorhees (https://www.imdb.com/title/tt0080761/?ref_=fn_al_tt_1.)

3. Rosemary's Baby (1968) – Minnie Castevet

(https://www.imdb.com/title/tt0063522/?ref_=fn_al_tt_1.)

    4. Sleeping Beauty (1959) – Maleficent

(https://www.imdb.com/title/tt0053285/?ref_=fn_al_tt_2.)

    5. Snow White and the Seven Dwarfs (1937) – Queen Grimhilde

(https://www.imdb.com/title/tt0029583/?ref_=fn_al_tt_1.)

    6. Cinderella (1950) – Lady Tremaine

(https://www.imdb.com/title/tt0042332/?ref_=fn_al_tt_5.)

## IV. VILLAINS CHASING POTENTIAL VICTIMS HAS LONG BEEN FEATURED IN ENTERTAINMENT WORKS

Entertainment works commonly feature storylines involving characters being stalked and killed by a villain.

    1. See works above in III.

    2. Halloween (1978) – Michael Myers

(https://www.imdb.com/title/tt0077651/?ref_=fn_al_tt_1.)

    3. Nightmare on Elm Street (1984) – Freddie Kruger

(https://www.imdb.com/title/tt0087800/?ref_=fn_al_tt_1.)

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their request for judicial notice.

Dated: October 7, 2022                    Respectfully submitted,

                                            DVAPPS AB

                                            By: /s/ Mark A. Borsos

                                            Mark A. Borsos
                                            FITCH, EVEN, TABIN & FLANNERY
                                            120 South LaSalle Street, Suite 2100

Chicago, IL 60603
mborsos@fitcheven.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 7, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

/s/ Mark A. Borsos