**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

AMBITIOUS PRODUCTIONS, INC.,    )
an Illinois Corporation,    )
    )    Case No.:  22-cv-02088
    Plaintiff,    )
    )    Judge: Matthew F. Kennelly
v.    )
    )
DVAPPS AB,    )
a Foreign Corporation,    )
    )
    Defendant.    )

**PLAINTIFF'S RULE 56 (d) SUBMISSION**

Responsive to the Court's Order of September 8, 2022 (Docket 25) stating "Plaintiff has until 10/28/2022 to file a submission under Rule 56(d)" Plaintiff responds that discovery is needed to:

(1) illuminate issues of origin, authorship and authenticity regarding hearsay submissions including, but not limited to, Defendant's Exhibits D, E, F, G, H, I, J, K, L, M, N, O and P;

(2) in addition to the above, define the parameters used in creation of the recorded Exhibits D-1, D-2, D-3 and D-4 each being identified as  "a playthrough" without further explanation of fundamentals such as, but not limited to: who recorded each; what equipment and software was used and how an interactive game came to be recorded in the fixed forms offered;

(3) determine documents, things and facts that relate to the facts and conclusions asserted in the Vukanovic Declaration (Exhibit C) and explore how they impact the truth or falsity of the assertions therein.

1

### (1) Internet Derived Exhibits Require Discovery or Other Establishment of Authenticity Before Consideration

The Motion, Memorandum and supporting papers urge a decision as a matter of law can be made based on hearsay. Even Defendant's indicia of what is "in" the accused works are based on out of court statements – recordings purporting to have somehow been generated by an interactive game. Defendant's excuse for similarity in significant graphic and "movement" between the works is that other similarities can be explained based on themes and ideas in third party works, the evidentiary support for which comes from the Internet.

Unlike historic materials which may be subject to judicial notice – a print encyclopedia has huge barriers to entry in publishing and huge consequences if a publisher loses its reputation for telling the truth – in many places on the Internet, anyone can make anything up and "publish". Exhibits F, G, J, K and L are printouts on particular days from Wikipedia, whose variability is known (*Strojnik v. Azul Hospitality Group* 2019 WL 6467494 (E.D. Cal., 2019) "Because YouTube, like Wikipedia, allows virtually anyone to upload a video, the video itself lacks requisite evidence about its authenticity, authorship, and veracity.") Indeed, even Defense Exhibit B has aspects that may require exploration and supplementation – the resolution in the version presently viewed after downloading out of the court's system may be different than may be typical. The cause may be technical, but is, in any event, appropriate for verification. With none of the exhibits are there separate indicia of truth or authenticity like two simple graphic symbols that were also consistently well known to the public. *Games Workshop Ltd. v. Chapterhouse Studios, LLC* 2012 WL 5949105 (N.D. Ill, 2012).

2

**(2)  It Is Necessary To Explore Parameters Used to Present the "Live" Audiovisual Appearance Which Was Recorded and Presented in Playthroughs**

Viewing the "playthoughs" Exhibits D-1, D-2, D-3 and D-4 displays the audiovisual "action" and also graphic symbols such as a filled white circle moving relative to an open white circle.  This presumably is a graphic indication of input from a game control apparatus such as a game controller joystick or other directional input device, which input presumably is "read" by the game system itself and results in an apparent change in "direction" of the player in the game itself.  Essentially, one expects that a game controller "moving" "right" will result in a different display than the game controller "moving" "left."  Presumably, speed of movement may also be affected.  Since the points of similarity are the appearance and "movement" of the game's Granny character, if one knew why movement was left or right, one might have better information on how and where the Granny character appears and presumably, what happens in the game.  If what happens – similar audiovisual appearance and movement -- is similar to Plaintiff's movie, there is infringement, but if the game operator who created the exhibits "moved" the player with the game control to avoid infringement, Plaintiff is entitled to know. Discovery is needed.

**(3) Conclusory Statements and Corroboration of Statements Require Discovery**

Mr. Vukanovic's declaration is remarkably short.   For a hugely successful video game with millions of downloads claimed by Defendant's advertising on some platforms (Exhibit A, ¶ 15) and at least three versions published, and a claim that the creation was based upon an earlier, 2013 game of Mr. Vukanovic -- not based on Plaintiff's movie -- the record is remarkably devoid of documentation consistent with a nearly nine year creative process.   The process used to create the substantially similar game needs to be explored in discovery.

3

**CONCLUSION**

The present record is insufficient for Plaintiff to respond at this time. Discovery may reasonably be expected to illuminate issues of where the purported documentary evidence came from, what it contains, and how it was created. Discovery tools are needed to be used to determine authenticity and reliability. The ability of Plaintiff to respond is limited for the reasons described above, the statements made herein based on my own knowledge are true and those made on information and belief are believed to be true.

**DECLARATION**

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2022.

Respectfully submitted,

/David C Brezina/

David C. Brezina

Date:  October 28, 2022

David C. Brezina
Burton S. Ehrlich
Ladas & Parry LLP
224 South Michigan Avenue
Suite 1600
Chicago, Illinois 60604
312 427-1300
312 408-2532 (direct)

## CERTIFICATE OF SERVICE

I hereby certify that I shall, this 28th  day of October, 2022, electronically file the foregoing Motion  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record, believed to comprise the following:

Hassan Elrakabawy
Steven Douglas Smelser
Yukevich Cavanaugh
355 S. Grand Ave.
15th Floor
Los Angeles, CA 90071

Mark Andrew Borsos
Joseph T. Nabor
Fitch, Even, Tabin & Flannery
120 South LaSalle St.
Suite 1600
Chicago, IL 60603-3406


Date:  October 28, 2022                    /David C. Brezina/

                                           David C. Brezina