UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMBITIOUS PRODUCTIONS, INC., <br>         Plaintiffs, <br>     v. <br> DVAPPS, AB, <br>         Defendant. | Case No. 1:22-cv-02088 <br><br> Honorable Matthew F. Kennelly |

### DEFENDANT DVAPPS, AB'S RESPONSE TO PLAINTIFF'S RULE 56(D) SUBMISSION PER COURT'S MINUTE ORDER

On October 28 2022, Plaintiff AMBITIOUS PRODUCTIONS, INC. ("Plaintiff") filed a Rule 56(d) Declaration Statement Regarding Motion for Summary Judgment. (Dkt. 32).

On November 4, 2022, this Court ordered Plaintiff "to serve by 11/14/2022 the written discovery requests that it proposes to engage in to respond to the pending motion for summary judgment" and Defendant DV APPS, AB ("DVapps") "to file a response to Plaintiff's 56(d) submission by 11/23/2022."

On November 14, 2022, Plaintiff served by email a *First Set of Interrogatories to Defendant DVAPPS, AP* consisting of 17 interrogatories. (Ex. 1). On November 22, 2022, DVapps' counsel received *Plaintiff's First Set of Document Requests to Defendant DVAPPS, AB* by e-mail. (Ex. 2). DVapps hereby submits this response to Plaintiff's 56(d) submission (Dkt No. 32) and to each of Plaintiff's interrogatories and requests for production.

### RESPONSE TO 56(d) SUBMISSION

A party seeking relief under Rule 56(d) must make a good faith showing that he cannot respond to the movants' evidence. *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1058 n. 5 (7th Cir.2000). This must be set forth in an affidavit specifically identifying the material facts the party anticipates discovering. *Grundstat v. Ritt*, 166 F.3d 867, 873 (7th Cir.1999) (finding vague

2473237.1

assertions that discovery would develop genuine issues of material fact insufficient to grant continuance).

Here, Plaintiff's original Rule 56(d) Submission (Dkt No. 32) indicated a need for discovery for three purposes: (1) "illuminate issues of origin, authorship and authenticity regarding hearsay submissions," (2) define the parameters used in creation of the recorded Exhibits D-1, D-2, D-3, and D-4" to the motion for summary judgment, and (3) "determine documents, things and facts that relate to the facts and conclusions asserted in the Vukanovic Declaration (Exhibit C [to the motion for summary judgment]) and explore how they impact the truth or falsity of the assertions therein." (Dkt. 32 pg 1).

The majority of *Plaintiff's First Set of Interrogatories to Defendant DVapps, AB*, served on November 14, 2022 are outside of the parameters identified in its October 28, 2022 Rule 56(d) Declaration (Dkt. 32), and therefore DVapps objects to responding to those requests at this time. Likewise, most of Plaintiff's document requests are outside of the parameters identified in its October 28, 2022 Rule 56(d) Declaration (Dkt. 32), and therefore DVapps objects to responding to those requests at this time. Many of Plaintiff's document requests also represent a fishing expedition, for instance seeking every electronic version ever to exist of every video game made by DVapps. DVapps objects to production of such documents, because Plaintiff has not articulated how or why such burdensome discovery is essential to justify its opposition under Rule 56(d). Consistent with Rule 56(d), DVapps also objects to all discovery that is not relevant to the pending Motion for Summary Judgment ("MSJ"), including discovery about DVapps' private financial and other proprietary business information. Because the majority of Plaintiff's proposed Rule 56(d) written discovery seeks information wholly unrelated to the MSJ and/or broadly seeks information related to every facet of its complaint, DVapps' requests a stay of discovery while the motions for summary judgment are pending. *See e.g. Blake v. Fin. Mgmt. Sys., Inc., No. 11 C 612,* 2011 WL 4361560, at *1 (N.D. Ill. Sept. 19, 2011) ("Under the circumstances of this case, the Court agrees

with Defendant that further class discovery should be stayed until the Court decides Defendant's pending motion for summary judgment."); *Logsdon v. Dennison Corp.*, No. 05-1242, 2007 WL 9736013, at *1 (C.D. Ill. Oct. 22, 2007) ("In denying the second motion to compel, the [Court] concluded that the request for financial information was premature, as discovery of that information would only be appropriate if Plaintiffs' claim survived the pending motions for summary judgment."). DVapps further contends that any confidential information should not be disclosed without a protective order signed by the Court. However, the parties have not yet agreed to the form of a protective order.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS FOR INTERROGATORY RESPONSES

The responses below are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

DVapps and its counsel have not yet completed their discovery or preparation for trial, nor have they completed their analysis, review or investigation of all evidence, applicable defenses, information, witness accounts or other trial preparation matters and subjects obtained or discovered to date. The following responses are, therefore, complete as to all presently known facts and information acquired or possessed by DVapps up to this time. These responses should, therefore, not be construed as prejudicing or waiving DVapps's right to provide additional facts, evidence, contentions or theories at trial or any subsequent hearing based upon information, evidence or analysis hereafter obtained or evaluated. Nothing in these responses should be construed as waiving any privileges or objections, which may be applicable to information or evidence hereafter

obtained.

DVapps further reserves the right to update and/or supplement these responses if and when information which is responsive to these interrogatories is discovered.

DVapps objects at this time to responding to any interrogatory that is not related to one or more of the categories of information identified in Plaintiff's Rule 56(d) Submission (Dkt. 32 p. 1). DVapps also objects to Plaintiff's definitions and instructions, because they call for information not relevant to this lawsuit. In particular, DVapps objects to the term "Granny Game" as overly broad in that it seeks information regarding any games created, produced, and/or distributed by DVapps, which includes games other than "Granny," "Granny Chapter 2," and "Granny 3." DVapps' responses will be limited to the aforementioned Granny games. Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that DVapps has answered any Interrogatory should not be taken as an admission that DVapps accepts or admits the existence of any facts set forth or assumed by such Interrogatory, or that such response constitutes admissible evidence. The fact that DVapps has answered part or all of any Interrogatory is not intended and shall not be construed to be a waiver by DVapps of all or any part of any objection to any Interrogatory.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify who has information about any of the allegations of any Complaint filed in this case or any Answer or other pleading filed in response thereto, or concerning the subject matter of this action, summarizing the information held by each such person?

**RESPONSE TO INTERROGATORY NO. 1:**

DVapps objects on the grounds that this request is compound, overbroad, vague, ambiguous, and unintelligible as to the phrase "information . . . concerning the subject matter of this action". There are countless people with "information" about the subject matter of this action,

including parties related to Plaintiff that are presently unknown to DVapps and any and all players of the *Granny* videogame. DVapps objects that this interrogatory is overbroad and unduly burdensome. DVapps further objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). Subject to and without waiving any objection, DVapps states as follows:

Dennis Vukanovic was the only person who created the *Granny* videogame and therefore would have all information available to DVapps that is relevant to the allegations in the Complaint for copyright infringement and DVapps' Motion for Summary Judgment. A summary of the relevant information held by Mr. Vukanovic is contained in the Declaration of Dennis Vukanovic in support of DVapps' Motion for Summary Judgment (Dkt ). To recount: Mr. Vukanovic is the sole owner and operator of DVapps and has developed several popular horror-themed games. In or about November 2017, Mr. Vukanvoic, by himself, created *Granny* the videogame, as a continuation/spinoff of his earlier videogame series called *Slendrina*, which he also created by himself. Mr. Vukanovic got inspiration for the idea of the *Granny* videogame from the *Slendrina* series. In *Slendrina Asylum*, the title character's mother shows up and chases the player. Mr. Vukanovic decided to make a new game centering around Slendrina's grandmother and to call it "Granny", which became the *Granny* videogame. To create the *Granny* video games, Mr. Vukanvoic used a game development software called "Unity", animation software called "Blender", and music software called "Reaper". Mr. Vukanovic then uploaded the *Granny* videogame to various services that support videogame downloads. Mr. Vukanovic rarely sketches ideas on paper, but uses ideas in his head while he works. Since he had no reason to at the time, he did not save any physical documents related to the creation of the Granny Games and therefore has no such documents in his possession. Mr. Vukanovic works alone so there is no email or other correspondence related to the *Granny* creation process. Mr. Vukanovic did not copy any aspect of the *Granny* movie in creating the *Granny* videogame. Prior to Plaintiff filing a lawsuit for

infringement, Mr. Vukanovic had never heard of the 1999 Granny Movie. He has no connection to anyone involved with Plaintiff's Film. Mr. Vukanovic created the "play-through" of each of the *Granny* videogames submitted with DVapps' MSJ by playing the various *Granny* videogames and recording the screen while doing so to provide a true and accurate depiction of the graphics, music, and other gameplay elements.

**INTERROGATORY NO. 2:**

Identify all documents or records that discuss or pertain in any way to any of the allegations of any Complaint filed in this case or any Answer or other pleading filed in response thereto, or concerning the subject matter of this action?

**RESPONSE TO INTERROGATORY NO. 2:**

DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects on the grounds that this request is compound, vague, ambiguous, and unintelligible as to the phrase "documents or records . . . concerning the subject matter of this action". There are countless publicly available "documents or records" about the subject matter of this action given that the *Granny* videogame is very popular and millions of people have encountered it. DVapps objects that this interrogatory is overbroad and unduly burdensome. DVapps also objects to the extent this interrogatory seeks private financial and other proprietary business information, while the motions for summary judgment are pending.

Subject to and without waiving any objection, DVapps states as follows: As discussed above, Mr. Vukanovic created the *Granny* videogame by himself using computer software and did not keep any of the few physical documents related to the creation. Outside of files that potentially can be exported from the various software used to create the game, there are no documents related to the creation of the videogame in DVapps' possession.

**INTERROGATORY NO. 3:**

What is the relationship between the Defendant and Dennis Vukanovic?

**RESPONSE TO INTERROGATORY NO. 3:**

Dennis Vukanovic is DVapps' sole owner and operator.

**INTERROGATORY NO. 4:**

Identify all insurance policies or agreements are there under which any person may be liable to satisfy part or all of a judgment which may be rendered in this matter or to indemnify defendants for payments made to satisfy the judgment or to litigate this matter?

**RESPONSE TO INTERROGATORY NO. 4:**

DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission. Notwithstanding this objection, DVapps states that it does not maintain liability insurance.

**INTERROGATORY NO. 5:**

When and how did you first became aware of the Granny Movie, including, in addition to a descriptive response, identifying all persons, legal entities and documents involved?

**RESPONSE TO INTERROGATORY NO. 5:**

DVapps first became aware of the *Granny* Movie when Plaintiff brought a claim for copyright infringement this year in 2022.

**INTERROGATORY NO. 6:**

How did you create the Granny Game, describing the process, including, in addition to a descriptive response, identifying persons having knowledge of that process and identifying all documents pertaining in any way to that process?

**RESPONSE TO INTERROGATORY NO. 6:**

*See* DVapps' Response to Interrogatory #1 above. Mr. Vukanovic got inspiration for the idea of the *Granny* videogame from the *Slendrina* series. In *Slendrina Asylum*, the title character's mother shows up and chases the player. Mr. Vukanovic decided to make a new game centering around Slendrina's grandmother and to call it "Granny", which became the *Granny* videogame.

To create the *Granny* video games, Mr. Vukanvoic used a game development software called "Unity", animation software called "Blender", and music software called "Reaper". Mr. Vukanovic used ideas in his head while he worked. Mr. Vukanovic did not copy any aspect of the *Granny* movie in creating the *Granny* videogame. No other persons were involved in the creation of the game so no other persons have specific knowledge of the process.

**INTERROGATORY NO. 7:**

Identify the evidence, if any, do you have that AMBITIOUS does not own copyright in all aspects of the Granny Movie?

**RESPONSE TO INTERROGATORY NO. 7:**

DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission. DVapps further objects to this request as overly broad and vague, and cannot reasonably respond as to each individual "aspect" of the film that could possibly be identified. DVapps further objects to this interrogatory because it calls for a legal conclusion regarding the extent of Plaintiff's copyright. Subject to the foregoing objections, DVapps states that it has no evidence at this time that Plaintiff does not own a copyright for the motion picture *Granny* as a whole.

**INTERROGATORY NO. 8:**

Identify the evidence, if any, do you have that the Granny Game was not copied from any Granny Movie?

**RESPONSE TO INTERROGATORY NO. 8:**

*See* Interrogatory Response #1. Further evidence is contained in DVapps' MSJ, including the declaration of Mr. Vukanovic attached thereto. Mr. Vukanovic, by himself, created *Granny* the videogame, as a continuation/spinoff of his earlier videogame series called *Slendrina*, which he also created by himself. Mr. Vukanovic got inspiration for the idea of the *Granny* videogame from the *Slendrina* series. In *Slendrina Asylum*, the title character's mother shows up and chases

the player. Mr. Vukanovic decided to make a new game centering around Slendrina's grandmother and to call it "Granny", which became the *Granny* videogame. Mr. Vukanovic did not copy any aspect of the *Granny* movie in creating the *Granny* videogame. Prior to Plaintiff filing a lawsuit asserting copyright infringement, Mr. Vukanovic had never heard of the 1999 Granny Movie. He has no connection to anyone involved with Plaintiff's Film. Mr. Vukanovic created the "play-through" of each of the *Granny* videogames submitted with DVapps' MSJ, which is a true and accurate depiction of the graphics, music, and other gameplay elements in the *Granny* videogames, and shows that the *Granny* videogame is not substantially similar to *Granny* the movie and was not copied therefrom. DVapps anticipates Plaintiff will have evidence showing that *Granny* the movie was not widely distributed, which would also support that DVapps did not view or copy the *Granny* movie.

**INTERROGATORY NO. 9:**

What were your gross revenues from the publication, distribution, downloading, accessing online, licensing, advertising contained therein, or sale of products related to, the Granny Game, including any one or more of these sources of revenue including identifying all documents relating thereto?

**RESPONSE TO INTERROGATORY NO. 9:**

DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ, and also seeks private financial and other proprietary business information, while the motions for summary judgment are pending. DVapps further contends that any confidential information should not be disclosed without a protective order signed by the Court. DVapps also objects to the extent the request seeks information regarding games other than "Granny," "Granny Chapter 2," and "Granny 3." DVapps also objects to the extent that the request seeks information that is not relevant to subject matter of the action, seeks

information that is not admissible, and is not reasonably calculated to lead to discovery of admissible evidence.

**INTERROGATORY NO. 10:**

What were the numbers of units sold, published, downloaded, distributed accessed online, and licensed, including any one or more of these, of each version of the Granny Game including identifying all documents relating thereto?

**RESPONSE TO INTERROGATORY NO. 10:**

DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ, and also seeks private financial and other proprietary business information. DVapps contends that the information should not be disclosed without a protective order signed by the Court. DVapps objects to the extent that this interrogatory seeks information regarding games other than "Granny," "Granny Chapter 2," and "Granny 3." DVapps also objects that the request seeks information to the extent that is not relevant to subject matter of the action, seeks information that is not admissible, and is not reasonably calculated to lead to discovery of admissible evidence.

**INTERROGATORY NO. 11:**

To the extent not previously provided in a response to these Interrogatories, identify the steps were performed in, and parameters used for, creation of any and every audiovisual work used by, or which are proposed to be used by, you as an Exhibit in this matter?

**RESPONSE TO INTERROGATORY NO. 11:**

*See* Response to Interrogatory No. 1. Mr. Vukanovic created the "play-through" of each of the *Granny* videogames submitted with DVapps' MSJ by playing the various *Granny* videogames and recording the screen while doing so to provide a true and accurate depiction of the graphics, music, and other gameplay elements. Counsel created all other exhibits attached as

exhibits to DVapps MSJ, including the prior art information attached to DVapps' Request for Judicial Notice, based on a review of the public record. To the extent this request seeks information regarding exhibits to the MSJ outside of Ex. D, the exhibits reference publicly available materials evidencing publicly available information about audiovisual works that are pre-date, and are more well known than, Plaintiff's movie.

**INTERROGATORY NO. 12:**

Identify the evidence do you have that supports or refutes any allegation in any Complaint filed in this case or your Answer, defenses or responsive pleading thereto?

**RESPONSE TO INTERROGATORY NO. 12:**

DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ. Subject to these objections, DVapps directs Plaintiff to Interrogatory Response #1. Mr. Vukanvoic, by himself, created *Granny* the videogame, as a continuation/spinoff of his earlier videogame series called *Slendrina*, which he also created by himself. Mr. Vukanovic got the idea for the *Granny* games from the fifth videogame in the Slendrina series, *Slendrina Asylum*, where the title character's mother shows up and chases the player. Mr. Vukanovic decided to make a new game centering around Slendrina's mother, which became the *Granny* videogame. Mr. Vukanovic did not copy any aspect of the *Granny* movie in creating the *Granny* videogame. Prior to Plaintiff filing a lawsuit asserting copyright infringement, Mr. Vukanovic had never heard of the 1999 Granny Movie. He has no connection to anyone involved with Plaintiff's Film. Mr. Vukanovic created the "play-through" of each of the *Granny* videogames submitted with DVapps' MSJ, which is a true and accurate depiction of the graphics, music, and other gameplay elements in the *Granny* videogames, and shows that the *Granny* videogame is not substantially similar to *Granny* the movie and was not copied therefrom. DVapps anticipates Plaintiff will have evidence showing that *Granny* the movie was not widely distributed,

which would also support that DVapps did not view or copy it.

**INTERROGATORY NO. 13:**

How have you, including any third parties, promoted the Granny Game, from before publication to the present, including, in addition to a descriptive response, identifying all persons, legal entities and documents involved.

**RESPONSE TO INTERROGATORY NO. 13:**

DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ, and also seeks private financial and other proprietary business information, while the motions for summary judgment are pending. DVapps objects on the grounds that this request is compound, vague, ambiguous, and unintelligible as to the phrase "promoted the Granny Game." There are countless people who have "promoted" the Granny videogame given that the Granny videogame is very popular and millions of people have encountered it, and DVapps has no affiliation with or control over many individuals who have in some way spread information regarding the videogame on YouTube, social media, and other electronic platforms. DVapps objects that this interrogatory is overbroad and unduly burdensome.

Subject to and without waiving any objection, DVapps states as follows: *See* Response to Interrogatory #1. To the extent DVapps understands Plaintiff's interrogatory to be asking about what marketing or other advertisements, DVapps has put trailers for the *Granny* game on its Youtube channel, information about the *Granny* game on its Twitter page, and collaborated with a vendor who provides merchandise. DVapps has also uploaded the *Granny* videogame to various services that support videogame downloads.

**INTERROGATORY NO. 14:**

How has your Granny Game, been placed in operative state with end users, such as, but not limited to, distribution of copies, installation, on-line play, licensing or sale, from before

commercial publication to the present, including, in addition to a descriptive response, identifying all persons, legal entities and documents involved.

**RESPONSE TO INTERROGATORY NO. 14:**

DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ, and also seeks private financial and other proprietary business information, while the motions for summary judgment are pending. DVapps further contends that the information should not be disclosed without a protective order signed by the Court. However, the parties have not executed a Stipulation which will keep the information confidential, nor has the Court entered any such order.

Subject to and without waiving any objection, DVapps states as follows: *See* Response to Interrogatory #1. DVapps uploaded the *Granny* videogame to various services that support videogame downloads, which made the videogame available to end users.

**INTERROGATORY NO. 15:**

Identify the persons who will testify in this case on your behalf?

**RESPONSE TO INTERROGATORY NO. 15:**

DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ. Subject to the foregoing objections, DVapps expects Dennis Vukanovic to testify on its behalf. DVapps may identify additional witnesses if necessary.

**INTERROGATORY NO. 16:**

Identify the information and documents related to evidence have you collected in anticipation of this or any related litigation?

**RESPONSE TO INTERROGATORY NO. 16:**

DVapps objects to this interrogatory as overly broad and unduly burdensome. DVapps is

under no obligation to describe each and every document that it collects or produces. DVapps also objects to disclosing any information subject to attorney client privilege, the work product doctrine, or other applicable privileges. DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ, and also seeks private financial and other proprietary business information, while the motions for summary judgment are pending. Subject to these objections, DVapps states that DVapps itself and Mr. Vukanovic did not specifically collect any evidence in anticipation of this or any related litigation. Evidence collected by DVapps' attorneys after litigation was initiated that is not otherwise set forth in DVapps' MSJ is privileged under the attorney client communication and attorney work product privileges.

**INTERROGATORY NO. 17:**

Identify the persons who provided information used to answer these interrogatories including what subject matters were provided by each of them?

**RESPONSE TO INTERROGATORY NO. 17:**

Dennis Vukanovic and his legal counsel for all responses.

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS FOR RESPONSES TO DOCUMENT REQUESTS**

DVapps received Plaintiff's document requests on November 22, 2022 via e-mail. A copy of the document was also received by U.S. mail sometime between November 21 and November 23, 2022, and contained an error in counsel's address. Full objections will follow according to the Federal Rules of Civil Procedure, but preliminary responses are made herein for purposes of Rule 56.

The responses below are made solely for the purpose of this action. Each answer is subject

to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

DVapps and its counsel have not yet completed their discovery or preparation for trial, nor have they completed their analysis, review or investigation of all evidence, applicable defenses, information, witness accounts or other trial preparation matters and subjects obtained or discovered to date. The following responses are, therefore, complete as to all presently known facts and information acquired or possessed by DVapps up to this time. These responses should, therefore, not be construed as prejudicing or waiving DVapps's right to provide additional documents at trial or any subsequent hearing based upon information, evidence or analysis hereafter obtained or evaluated. Nothing in these responses should be construed as waiving any privileges or objections, which may be applicable to information or evidence hereafter obtained.

DVapps further reserves the right to update and/or supplement these responses if and when information which is responsive to these requests is discovered.

DVapps objects at this time to responding to any request that is not related to one or more of the categories of information identified in Plaintiff's Rule 56(d) Submission (Dkt. 32 p. 1). DVapps also objects to Plaintiff's definitions and instructions, because they call for documents and information not relevant to this lawsuit. In particular, DVapps objects to the term "Granny Game" as overly broad in that it seeks information regarding any games created, produced, and/or distributed by DVapps, which includes games other than "Granny," "Granny Chapter 2," and "Granny 3." DVapps' responses will be limited to the aforementioned Granny games. Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that DVapps has answered any request should not be taken as an admission that DVapps accepts

or admits the existence of any facts set forth or assumed by such Interrogatory, or that such response constitutes admissible evidence. The fact that DVapps has responded in whole or in part to any request is not intended and shall not be construed to be a waiver by DVapps of all or any part of any objection to any request.

## INITIAL RESPONSE TO DOCUMENT REQUESTS

**Document Requests 1-6** are vague, overly broad, and unduly burdensome. To the best of DVapps' understanding, Plaintiff seeks documents establishing what inspired the creation of the Granny Games. The process of creating the accused games is described above in response to Interrogatory 6. It is not believed that any documents responsive to Document Requests 1-6 exist. If these Requests are intended to require production of electronic things that are not representative of creative aspects of the Granny games, such as source code or development tools, DVapps objects to these requests as overly broad and not likely lead to relevant information. DVapps also objects to production of any documents protected by attorney-client privilege or work product doctrine.

**Document Requests 7-9** are overly broad and unduly burdensome in that they appear to call for each and every version of the Granny game that ever existed. Electronic records and software are often overwritten and it is therefore impossible to produce every state in which the Granny Games have been saved at some point on any system or platform. DVapps also objects to the production of source code or other proprietary information as unduly burdensome and unlikely to lead to admissible information. At a minimum, DVapps will not produce such documents and information without a protective order. In addition, DVapps objects to these Requests as overly broad due to incorporation of Plaintiff's definitions. In particular, DVapps objects to the term "Granny Game" as overly broad in that it seeks information regarding any games created, produced, and/or distributed by DVapps, which includes games other than "Granny," "Granny Chapter 2," and "Granny 3." DVapps' responses will be limited to the aforementioned Granny

games. Subject to theses objections, it appears that Plaintiff is in possession of copies of all three Granny games, and the games may be downloaded from sources available to the public that are most representative of the state in which the games are available to the public.

**Document Requests 10-12** call for documents that identify or describe "the relevant public" or users of the Granny games. DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ, and also seeks proprietary business information, while the motions for summary judgment are pending. If any proprietary information regarding customers exists, it will not be produced before entry of an appropriate protective order. In addition, DVapps objects to the production of any information regarding customers or potential customers that is equally available to Plaintiff, such as information regarding video game platforms on which the games have been featured.

**Document Requests 13-21** call for documents that relate to sales, distribution, advertising, and promotion of the Granny games. DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ, and also seeks private financial and other proprietary business information, while the motions for summary judgment are pending. DVapps objects to this interrogatory as overly broad and unduly burdensome. DVapps further objects to disclosing any information subject to attorney client privilege, the work product doctrine, or other applicable privileges. At a minimum, DVapps will not produce responsive information prior to entry of an appropriate protective order. DVapps objects to the term "Granny Game" as overly broad in that it seeks information regarding any games created, produced, and/or distributed by DVapps, which includes games other than "Granny," "Granny Chapter 2," and "Granny 3." DVapps' responses will be limited to the aforementioned Granny games.

**Document Requests 22-23** seek all documents that DVapps intends to rely on or which relate to allegations in the Motion for Summary Judgment. DVapps objects to this request as overly broad, vague, and unduly burdensome. If Plaintiff seeks any documents beyond those identified in the MSJ it should identify sought documents with more specificity.

**Document Requests 24-26** seek documents regarding DVapps' business. DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ, and also seeks proprietary business information, while the motions for summary judgment are pending. At a minimum, DVapps will not produce responsive information prior to entry of an appropriate protective order. DVapps objects to this interrogatory as overly broad and unduly burdensome regarding the scope of documents requested, including the request of "all documents" relating to a wide range of topics. DVapps further objects to disclosing any information subject to attorney client privilege, the work product doctrine, or other applicable privileges. DVapps objects to the term "Granny Game" as overly broad in that it seeks information regarding any games created, produced, and/or distributed by DVapps, which includes games other than "Granny," "Granny Chapter 2," and "Granny 3." DVapps' responses will be limited to the aforementioned Granny games.

**Document Request 27** seeks documents related to copyright registration of the Granny Game "or any similar work." DVapps objects to the request to the extent it calls for information regarding documents or information relating to works other than the three Granny games. DVapps also objects to this request as unduly burdensome, as the requested documents are equally available to Plaintiff. DVapps objects to the term "Granny Game" as overly broad in that it seeks information regarding any games created, produced, and/or distributed by DVapps, which includes games other than "Granny," "Granny Chapter 2," and "Granny 3." DVapps' responses will be limited to the aforementioned Granny games.

**Document Request 28** seeks "all documents and things referring or relating to any litigation, arbitration," etc. regarding "Your Granny Game." DVapps objects to this request as outside of the bounds of Plaintiff's Rule 56(d) Submission (Dkt. 32). DVapps objects that this request seeks information/documents/things that are beyond the scope of the pending MSJ, and also seeks proprietary business information, while the motions for summary judgment are pending. At a minimum, DVapps will not produce responsive information prior to entry of an appropriate protective order. DVapps objects to this interrogatory as overly broad and unduly burdensome. DVapps further objects to disclosing any information subject to attorney client privilege, the work product doctrine, or other applicable privileges. DVapps objects to the request to the extent it calls for information regarding documents or information relating to works other than the three Granny games. DVapps also objects to this request as unduly burdensome. DVapps objects to the term "Granny Game" as overly broad in that it seeks information regarding any games created, produced, and/or distributed by DVapps, which includes games other than "Granny," "Granny Chapter 2," and "Granny 3." DVapps' responses will be limited to the aforementioned Granny games.

Dated: November 23, 2022

DVAPPS AB

By: /s/ Mark A. Borsos
Mark A. Borsos
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 2100
Chicago, IL 60603
mborsos@fitcheven.com

## VERIFICATION

I have read the foregoing DEFENDANT DVAPPS' RESPONSE TO PLAINTIFF AMBITIOUS PRODUCTIONS' FIRST SET OF INTERROGATORIES TO DEFENDANT DVAPPS, AB and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge.

I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. § 1746(1) that the foregoing is true and correct.

Executed on this 23rd day of November 2022, at Eskilstuna Sweden.

[Dennis Vukanovic_____]